# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-30428
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 20, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TYRESE HARRIS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CR-37-1

---

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Tyrese Harris contests his above-Guidelines 540-months' sentence, imposed subsequent to his guilty-plea conviction for conspiracy to commit carjacking, in violation of 18 U.S.C. § 371; carjacking, in violation of 18 U.S.C. § 2119(1); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); attempted carjacking, in violation

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

of 18 U.S.C. § 2119(1); and carjacking resulting in serious bodily injury, in violation of 18 U.S.C. § 2119(2).

He contends the sentence is both procedurally and substantively unreasonable because the district court: disregarded his history and characteristics; and failed to give adequate weight to mitigating evidence, to use the Guidelines sentencing range as a benchmark for sentencing, and to impose a sentence that was sufficient, but not greater than necessary, to achieve the goals of sentencing.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Assuming Harris made an objection "sufficiently specific to alert the district court to the nature of the alleged [procedural] error", he fails to make the requisite showing. *United States v. Hernandez-Montes*, 831 F.3d 284, 290 (5th Cir. 2016) (citation omitted); *see also Gall*, 552 U.S. at 51 (outlining standard). He maintains the court failed to consider *all* of the 18 U.S.C. § 3553(a) sentencing factors because it allegedly disregarded his history and characteristics by not accounting for the mitigating evidence. This assertion fails because the court need not engage in a "checklist recitation" of the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Additionally, the record shows the court listed the

sentencing factors and detailed the facts it considered in relation to nearly all of those factors, including his mitigating evidence.

Because Harris' substantively-unreasonable contention was preserved, review is for abuse of discretion. *See Gall*, 552 U.S. at 51. As noted *supra*, the district court considered the potentially mitigating evidence and concluded it was outweighed by the significant aggravating circumstances. It also considered the Guidelines sentencing range, expressly recognized its responsibility to impose a sentence that was not greater than necessary to achieve the goals of sentencing, and selected a sentence based on the 18 U.S.C. § 3553(a) sentencing factors. Harris fails to show the court abused its discretion by: not considering "a factor that should have received significant weight"; "giv[ing] significant weight to an irrelevant or improper factor"; or making "a clear error of judgment in balancing the sentencing factors". *United States v. Fraga*, 704 F.3d 432, 440–41 (5th Cir. 2013) (citation omitted).

AFFIRMED.